UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-61554-CIV-COHN/SELTZER

CLYDE WARD, CLYDE MCPHATTER, LEROY
WILLIAMS, and MAURICE SYMONETTE,

    Plaintiffs,

v.

JP MORGAN CHASE BANK, LOAN CITY
MORTGAGE, WASHINGTON MUTUAL BANK,
MORTGAGE ELECTRONICS REGISTRATION
SYSTEM, and WASHINGTON MUTUAL
SECURITIES,

    Defendants.
_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon the Motion to Dismiss the Complaint [DE 19] ("Motion") of Defendants JPMorgan Chase Bank, N.A. ("Chase") and Mortgage Electronic Registration System, Inc. ("MERS," together with Chase the "Movants"). The Court has considered the Motion, Plaintiffs' Responses [DE 24, 25, 28], and Movants' Reply [DE 30], and is otherwise advised in the premises.

### I.   BACKGROUND

This action relates to a residential mortgage encumbering a parcel of real property at 2920 N.E. 55th Place, Fort Lauderdale, Florida (the "Property"). See DE 1; DE 1-2 at 1. The Property has been the subject of a lengthy and oft-delayed foreclosure proceeding pending since 2007. DE 19 at 2–3; DE 19-1. On July 18, 2013, Plaintiffs filed the instant action contesting the foreclosure as illegal and seeking injunctive relief prohibiting the foreclosure, a declaration that the underlying debt be

declared void, restitution, a declaration to quiet title of the Property, $5 million in damages, and other varied relief.  DE 1 at 37–38.

On September 12, 2013, Plaintiffs filed proofs of service on Defendants Chase, MERS, and Washington Mutual Securities.  Plaintiffs indicated that they had served summonses upon Chase, MERS, and Washington Mutual Securities on August 19, 14, and 21, respectively.  DE 16–18.  Plaintiffs stated that service was accomplished by certified mail to each Defendant.  Id.  On September 17, 2013, Movants moved to dismiss the Complaint, arguing that it fails to satisfy the applicable pleading standards and that Plaintiffs had failed to serve Defendants properly.  See generally DE 19.

## II.  DISCUSSION

### A.  Failure to Satisfy Pleading Standards

Federal Rule of Civil Procedure 8(a)(2), which sets forth the applicable standard for notice pleading, requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  The Court may read complaints by *pro se* plaintiffs, such as Plaintiffs herein, more liberally than those prepared by attorneys.  See Osahar v. U.S. Postal Serv., 297 F. App'x 863, 864 (11th Cir. 2008) (per curiam).  Nevertheless, *pro se* plaintiffs remain obligated to allege sufficient facts to support a claim for relief and to give the other parties notice of the bases for their claims.  Id.

Plaintiffs' Complaint in this action falls far short of the pleading requirements of Rule 8.  The 39-page Complaint begins on a promising note, with a cover page listing what appear to be 11 discrete causes of action.  DE 1 at 1.  By the third page, however, the Complaint devolves into a lengthy, rambling, and largely indecipherable missive.  See DE 1 at 3–36.  Though the Complaint contains brief bursts of clarity, the majority of

2

the Complaint casts allegations of wrongdoing in all directions.  Various enumerated causes of action recite mere legal conclusions and direct the reader to sift through the remainder of the Complaint, or its 32 pages of confusing and out-of-order exhibits, to guess which particular facts support the claims.  For example, Plaintiffs' Tenth Cause of Action, seeking $5 million in damages for intentional infliction of emotional distress, "re-alleges and incorporates by reference" the entirety of the Complaint's prior allegations, and proceeds to assert in conclusory manner that the "acts and omissions of the defendants [a]nd each of them[] constitute extreme and outrageous conduct . . . with reckless [d]isregard as to the effect on Plaintiff[s]" warranting the relief requested.  DE 1 ¶¶ 72–77.  These sorts of allegations fail to link each cause of action to its factual predicates, and bury what may be kernels of viable claims "beneath innumerable pages of rambling irrelevancies."  Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001) (per curiam).  Such "shotgun pleading" imposes unjustifiable burdens on the Court and Defendants.  The Court will dismiss the Complaint with leave to replead on this basis.  See United States ex rel. Atkins v. McInteer, 470 F.3d 1350, 1354 n.6 (11th Cir. 2006) ("When faced with a shotgun pleading, the trial court . . . ought to require the party to file a repleader.").

### B. Insufficient Service

Federal Rule of Civil Procedure 4(h) governs service of process on a corporation.  Under Rule 4(h), a plaintiff may serve a corporation in two ways.  First, a plaintiff may serve a corporation by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized . . . to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1)(B).

Alternatively, a plaintiff may serve a corporation as allowed in the state where the district court is located or where service is made.  Fed. R. Civ. P. 4(e)(1), (h)(1)(A).

Because Plaintiffs mailed the summonses in this action, and thus did not personally deliver copies to officers or other agents of Defendants, service was not properly made under Rule 4(h)(1)(B).  See Dyer v. Wal-Mart Stores, Inc., 318 F. App'x 843, 844 (11th Cir. 2009) (per curiam).  The Court will therefore look to Rule 4(h)(1)(A) and 4(e) to determine whether the mailing of the summonses was effective service where the Court is located—in Florida—or under state law where service was made.  Plaintiff served Defendants Chase and Washington Mutual Securities by certified mail to addresses in New York.  DE 16 & 18.  Plaintiffs served Defendant MERS by certified mail to an address in Illinois.  DE 17.  Neither Florida, New York, nor Illinois state law allow for service of a summons on a corporation via certified mail.  Dyer, 318 F. App'x at 844; Jordan v. Forfeiture Support Assocs., 928 F. Supp. 2d 588, 596 (E.D.N.Y. 2013); 735 Ill. Comp. Stat. 5/2-204; 24 Illinois Jurisprudence: Civil Procedure § 2:20 (2011).  Plaintiffs have therefore failed to effect proper service of process upon Defendants.[1]

Plaintiffs' failure to serve Defendants, however, does not justify dismissal of this action.  Rule 4(m) requires service within 120 days of the filing of a complaint.  Plaintiffs filed the Complaint on July 18, 2013.  DE 1.  Plaintiffs could therefore serve Defendants on or before November 15, 2013, to avoid dismissal for failure of service.  See Fed. R. Civ. P. 4(m).  Moreover, Plaintiffs are proceeding *in forma pauperis* herein (see DE 4) and may rely upon the United States Marshal to perform service.  Fed. R. Civ. P.

---

[1] Because Plaintiffs have failed to properly serve Defendants, the Court will deny Plaintiffs' pending Amended Motion to Uphold Plaintiffs' Motion for Default [DE 27].

4(c)(3).  Therefore, upon Plaintiffs' filing of an Amended Complaint, the Court will direct the United States Marshal to serve the necessary materials upon Defendants.

### III.  CONCLUSION

In accordance with the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion to Dismiss the Complaint [DE 19] is **GRANTED**.

2. The Complaint [DE 1] is **DISMISSED without prejudice**.

3. Plaintiffs are granted leave to file an Amended Complaint to conform with Rule 8 of the Federal Rules of Civil Procedure.  Plaintiffs shall file their Amended Complaint on or before **November 7, 2013**.  Failure to timely file an Amended Complaint shall result in the closing of this case.

4. Plaintiffs' Amended Motion to Uphold Plaintiffs' Motion for Default [DE 27] is **DENIED**.

5. Defendants' Motion to Stay Discovery Pending Ruling on Defendants' Motion to Dismiss the Complaint [DE 31] is **DENIED as moot**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 18th day of October, 2013.

_____
JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record via CM/ECF

Clyde Ward (*pro se*)
2920 N.E. 55th Place
Fort Lauderdale, Florida 33308

Clyde McPhatter (*pro se*)
2920 N.E. 55th Place
Fort Lauderdale, Florida 33308

Leroy Williams (*pro se*)
2920 N.E. 55th Place
Fort Lauderdale, Florida 33308

Maurice Symonette (*pro se*)
2920 N.E. 55th Place
Fort Lauderdale, Florida 33308