UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-61554-CIV-COHN/SELTZER

CLYDE WARD, CLYDE MCPHATTER, LEROY
WILLIAMS, and MAURICE SYMONETTE,

    Plaintiffs,

v.

JP MORGAN CHASE BANK, LOAN CITY
MORTGAGE, WASHINGTON MUTUAL BANK,
MORTGAGE ELECTRONICS REGISTRATION
SYSTEM, and WASHINGTON MUTUAL
SECURITIES,

    Defendants.
_____/

## ORDER DISMISSING COMPLAINT

**THIS CAUSE** is before the Court *sua sponte*. The Court has considered the record herein and is otherwise advised in the premises.

**I.  BACKGROUND**

This action relates to a residential mortgage encumbering a parcel of real property at 2920 N.E. 55th Place, Fort Lauderdale, Florida (the "Property"). See DE 1; DE 1-2 at 1. The Property has been the subject of a lengthy and oft-delayed foreclosure proceeding pending since 2007. DE 19 at 2–3; DE 19-1. On July 18, 2013, Plaintiffs filed the instant action, contesting the foreclosure as illegal and seeking injunctive relief prohibiting the foreclosure, a declaration that the underlying debt is void, restitution, a declaration to quiet title of the Property, $5 million in damages, and other varied relief. DE 1 at 37–38.

On October 18, 2013, the Court granted Defendants' motion to dismiss on the grounds that the Complaint failed to comply with the requirements of Rule 8 of the Federal Rules of Civil Procedure.  DE 32 at 2–3.  Plaintiffs had also failed to effect service of process at that time.  Id. at 3–5.  Nevertheless, given that this Court had previously granted Plaintiffs leave to proceed *in forma pauperis*, the Court informed Plaintiffs that, upon the filing of an amended complaint, the Court would direct the United States Marshal to serve the necessary papers upon Defendants.  Id. at 4–5.  On October 31, 2013, Plaintiffs accordingly filed their Amended Complaint.  DE 34.  On November 4, 2013, the Court ordered the United States Marshal to effect service.  DE 36.[1]

On November 5, 2013, Plaintiffs filed yet another pleading entitled "Amended Complaint."  DE 37 ("Second Amended Complaint").  On December 26, 2013, the Court dismissed the Second Amended Complaint with leave to re-plead, again on the basis of Plaintiffs' failure to comply with the applicable pleading requirements.  DE 41 at 3–5.  The Court cautioned Plaintiffs, however, that future failure to plead appropriately could lead to the dismissal of this action with prejudice.  Id. at 5.

On January 13, 2014, Plaintiffs filed a document entitled "Second Amended Complaint," bearing the word "NEW" above its caption.  DE 45.  For purposes of this Order, the Court will refer to that document as the "New Second Amended Complaint."  The Court now turns its attention to the sufficiency of the New Second Amended Complaint.

---

[1] As of the date of this Order, the record does not reflect that service of any pleading upon Defendants has been completed.

## II. DISCUSSION

### A. Legal Standard

Where a plaintiff proceeds *in forma pauperis*, the Court may review the merits of his pleading *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2).  Section 1915 reads in relevant part:

> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case **at any time** if the court determines that—
>
> . . .
>
> (B) the action or appeal—
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915 (emphasis added).  Review of a complaint for failure to state a claim under section 1915 is governed by the same standard as a motion to dismiss on that basis under Federal Rule of Civil Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997).  At this stage of litigation, the Court will take a plaintiff's allegations as true and will construe them in the light most favorable to the plaintiff.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Nevertheless, the Court does not have "license to serve as de facto counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain an action."  GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), abrogated on other grounds by Randall v. Scott, 610 F.3d 701 (11th Cir. 2010).

Moreover, Federal Rule of Civil Procedure 8(a)(2), which sets forth the applicable standard for notice pleading, requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  The Court may

3

read complaints by *pro se* plaintiffs, such as Plaintiffs herein, more liberally than those prepared by attorneys.  See Osahar v. U.S. Postal Serv., 297 F. App'x 863, 864 (11th Cir. 2008) (per curiam).  Nevertheless, *pro se* plaintiffs remain obligated to allege sufficient facts to support a claim for relief and to give the other parties notice of the bases for their claims.  Id.

### B. Analysis

A review of the New Second Amended Complaint demonstrates that Plaintiffs have failed to remedy the deficiencies of their prior pleadings that led to the dismissal of those pleadings for failure to satisfy the requirements of Rule 8.  By its third page, the New Second Amended Complaint devolves into a lengthy, rambling missive.  See DE 45 at 3–43.  Though the New Second Amended Complaint contains brief bursts of clarity, the majority of the pleading casts allegations of wrongdoing in all directions.  Numerous causes of action recite mere legal conclusions and direct the reader to sift through the remainder of the document to guess which particular facts support the claims.  For example, Plaintiffs' Tenth Cause of Action, seeking $5 million in damages for intentional infliction of emotional distress, "re-alleges and incorporates by reference" the New Second Amended Complaint's prior allegations, and proceeds to assert in conclusory manner that the "acts and omissions of the defendants, and each of them, constitute extreme and outrageous conduct," and that Defendants "engaged in such conduct either intentionally or with reckless disregard as to the effect on Plaintiff."  Id. ¶¶ 77–79.  These sorts of "shotgun" allegations fail to link each cause of action to its factual predicates, and bury what may be kernels of viable claims "beneath innumerable pages of rambling irrelevancies." Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001) (per curiam).  Plaintiffs further attempt to incorporate a qualified written request

pursuant to the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq., into the New Second Amended Complaint, as well as a memorandum of law suggesting that the Court dismiss a state-court action with prejudice, in apparent disregard of the requirement of Rule 10(b) that a party "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  See DE 45 at 19, 21–28.  As this Court stated in its prior order dismissing the original Complaint, such a jumbled and incoherent pleading "imposes unjustifiable burdens on the Court and Defendants."  DE 32 at 3.

The Court therefore will dismiss the New Second Amended Complaint.  Faced with a confusing and incoherent complaint, the Court ordinarily would allow leave to re-plead.  See United States ex rel. Atkins v. McInteer, 470 F.3d 1350, 1354 n.6 (11th Cir. 2006).  The Court, however, has already twice dismissed the operative complaint in this action for failure to comport with the applicable pleading requirements.  See DE 32 & 41.  Plaintiffs have proved unable or unwilling to satisfy these requirements, and continue to file unacceptable, confusing pleadings which do not provide Defendants with sufficient notice of the claims against them.  When faced with a plaintiff who repeatedly fails to plead appropriately, a district court acts within its discretion in dismissing the plaintiff's action with prejudice.  Kennedy v. Bell S. Telecomms., Inc., No. 12-15869, 2013 U.S. App. LEXIS 21111, at *4–7 (11th Cir. Oct. 18, 2013) (per curiam).  Therefore, in light of Plaintiffs' repeated failure to provide the Court and Defendants with an acceptable complaint herein, in addition to the futility of allowing yet another opportunity to re-plead, the Court will dismiss the New Second Amended Complaint with prejudice.

### III. CONCLUSION

In accordance with the foregoing, it is

**ORDERED AND ADJUDGED** that New Second Amended Complaint [DE 45] is **DISMISSED with prejudice**. The Court will enter a separate Final Judgment consistent with this ruling.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 15th day of January, 2014.

JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record via CM/ECF

Clyde Ward (*pro se*)
2920 N.E. 55th Place
Fort Lauderdale, Florida 33308

Clyde McPhatter (*pro se*)
2920 N.E. 55th Place
Fort Lauderdale, Florida 33308

Leroy Williams (*pro se*)
2920 N.E. 55th Place
Fort Lauderdale, Florida 33308

Maurice Symonette (*pro se*)
2920 N.E. 55th Place
Fort Lauderdale, Florida 33308