UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-61554-CIV-COHN/SELTZER

CLYDE WARD, CLYDE MCPHATTER, LEROY
WILLIAMS, and MAURICE SYMONETTE,

    Plaintiffs,

v.

JP MORGAN CHASE BANK, LOAN CITY
MORTGAGE, WASHINGTON MUTUAL BANK,
MORTGAGE ELECTRONICS REGISTRATION
SYSTEM, and WASHINGTON MUTUAL
SECURITIES,

    Defendants.
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

**THIS CAUSE** is before the Court upon Plaintiffs' second "Second Motion to Reconsider" [DE 51] ("Motion").[1]  The Court has reviewed the Motion and the record in this case, and is otherwise advised in the premises.

**I.  BACKGROUND**

This action relates to a residential mortgage encumbering a parcel of real property at 2920 N.E. 55th Place, Fort Lauderdale, Florida (the "Property").  See DE 1; DE 1-2 at 1.  The Property has been the subject of a lengthy and oft-delayed foreclosure proceeding pending since 2007.  DE 19 at 2–3; DE 19-1.  On July 18, 2013, Plaintiffs filed the instant action, contesting the foreclosure as illegal and seeking injunctive relief prohibiting the foreclosure, a declaration that the underlying debt be

---

[1] The Court denied Plaintiffs' prior "Second Motion to Reconsider" [DE 49] in an Order dated January 21, 2014.  See DE 50.

declared void, restitution, a declaration to quiet title of the Property, $5 million in damages, and other varied relief.  DE 1 at 37–38.  The Court twice dismissed Plaintiffs' operative pleading herein with leave to re-plead, on the basis of Plaintiffs' noncompliance with the applicable pleading standards.  DE 32 & 41.  On January 15, 2014, in light of Plaintiffs' repeated failure to remedy the shortcomings of their pleadings, the Court dismissed this action with prejudice.  DE 47 & 48.  On January 16, 2014, Plaintiffs sought reconsideration of the dismissal.  DE 49.  On January 21, 2014, the Court denied reconsideration.  DE 50.

In the Motion presently before the Court, Plaintiffs again seek reconsideration of the Court's dismissal of this action.  Plaintiffs argue in their Motion that their case is factually similar to other cases which have resulted in varied relief to the plaintiffs.  DE 51 at 1.  Plaintiffs ask the Court to afford them relief on the basis of this similarity.  Plaintiffs also disagree with the Court's conclusion that their various Complaints herein were insufficiently pled.  Id. at 1–2.  Plaintiffs do not specify whether they seek reconsideration under Rule 59 or Rule 60 of the Federal Rules of Civil Procedure.

## II.  LEGAL STANDARD

Three grounds justify reconsideration of an earlier order under Rule 59(e): "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice."  Williams v. Cruise Ships Catering & Serv. Int'l, N.V., 320 F. Supp. 2d 1347, 1357–58 (S.D. Fla. 2004).  A motion for reconsideration is not a tool for relitigating what a court has already decided.  See Reyher v. Equitable Life Assurance Soc'y, 900 F. Supp. 428, 430 (M.D. Fla. 1995).  Rather, the motion "must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse

its prior decision." Id. (internal quotation marks omitted).  Reconsideration of a previous order is "an extraordinary remedy, to be employed sparingly." Williams, 320 F. Supp. 2d at 1358 (internal quotation marks omitted).

Rule 60(b), on the other hand, sets forth the following potential grounds for relief from a district court's judgment or order:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Relief under the catch-all provision of Rule 60(b)(6) "is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." Cavaliere v. Allstate Ins. Co., 996 F.2d 1111, 1115 (11th Cir. 1993) (internal quotation marks omitted).

## III. DISCUSSION

In their Motion, Plaintiffs represent that similarities exist between their claims and the claims of plaintiffs who have prevailed in other actions.  DE 51 at 1.  Plaintiffs request that the Court therefore reconsider its dismissal of this action and "give [Plaintiffs] the same rights" as the plaintiffs in those other actions.  Id.  Plaintiffs also disagree with the Court's determination of the insufficiency of their various pleadings in this action.  Id. at 1–2.  Plaintiffs, however, have articulated no facts that would afford

3

relief under the potentially applicable Rule 59(e) or Rule 60(b)(1) through (b)(5).  Nor do Plaintiffs make a showing of such extraordinary circumstances that might justify relief under Rule 60(b)(6).  The Court therefore will deny Plaintiffs' Motion, no grounds for relief from the Court's dismissal of this action having been shown.

It is accordingly **ORDERED AND ADJUDGED** that Plaintiffs' Second Motion to Reconsider [DE 51] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 23rd day of January, 2014.

*[signature]*
JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record via CM/ECF

Clyde Ward (*pro se*)
2920 N.E. 55th Place
Fort Lauderdale, Florida 33308

Clyde McPhatter (*pro se*)
2920 N.E. 55th Place
Fort Lauderdale, Florida 33308

Leroy Williams (*pro se*)
2920 N.E. 55th Place
Fort Lauderdale, Florida 33308

Maurice Symonette (*pro se*)
2920 N.E. 55th Place
Fort Lauderdale, Florida 33308